UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| AMP AUTOMOTIVE, LLC | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-5667 |
| B F T, LP d/b/a GREAT AMERICAN BUSINESS PRODUCTS | SECTION A(5) |

## ORDER AND REASONS

Before the Court is **Plaintiff's Motion for Partial Summary Judgment Regarding the Established Business Relationship Defense (Rec. Doc. 54)** filed by Plaintiff AMP Automotive, LLC ("AMP"). Defendant B F T, LP d/b/a GREAT AMERICAN BUSINESS PRODUCTS ("Great American") opposes the motion (Rec. Doc. 75) and Plaintiff has replied. (Rec. Doc. 83). The motion, set for submission on July 11, 2018, is before the Court on the briefs without oral argument. A jury trial is set to commence on December 3, 2018. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that **Plaintiff's Motion for Partial Summary Judgment Regarding the Established Business Relationship Defense (Rec. Doc. 54)** is **GRANTED** for the reasons set forth below.

**I.    Background**

Plaintiff AMP alleges that Defendant Great American violated the Telephone Consumer Protection Act ("TCPA") by sending unsolicited faxes advertising Great American products and services. (Rec. Doc. 1). In 1991, Congress passed the Telephone Consumer Protection Act ("TCPA"). *See* Pub. L. No. 102–243, 105 Stat. 2394 (codified as amended at 47 U.S.C. § 227). Thereafter, in 2005, Congress passed the Junk Fax Prevention Act ("JFPA"), which amended the 1991 TCPA. *See* Pub. L. No. 109–21, 119 Stat. 359 (codified at 47 U.S.C. § 227). For simplicity,

the Court will refer to the combined and amended legislation as "the Act." *Bais Yaakov of Spring Valley v. Federal Communications Commission*, 852 F.3d 1078, 1080 (D.C. Cir. 2017).

The Act makes it unlawful to use a fax machine to send an unsolicited advertisement. 47 U.S.C. § 227(b)(1)(C). It also provides a private right of action, which permits any "person or entity" to bring an action seeking (1) to enjoin a violation of the Act, (2) to recover for actual monetary loss from such a violation or to receive statutory damages of $500 per violation, whichever is greater, or (3) to pursue both injunctive and monetary relief. 47 U.S.C. § 227(b)(3).

AMP categorizes Great American's actions as a "Junk Fax Campaign." (Rec. Doc. 1, p. 4). AMP alleges that Great American "blasted thousands of junk faxes" in direct violation of the Act and the regulations promulgated under the Act by the Federal Communications Commission ("FCC"). (Rec. Doc. 1, p. 4). AMP specifically provides the fifteen allegedly unsolicited faxes that were sent as advertisements from Great American to AMP. (Rec. Doc. 1-1, Exhibits 1–15). Attached to AMP's Complaint are the fifteen single-page advertisements, which all have the following language located towards the bottom of the page:

> To order, call us at 1-800-231-0329 or visit www.gabpauto.com
> If you'd prefer not to receive future fax offers, check the box below and fax this to 1-800-423-6808.

*Id.* Further down the page on each advertisement is a blank check-box followed by the following additional language:

> We hope you enjoyed receiving this reminder. However, if you'd rather not receive future faxes from Great American please check here. Please note: It may take up to 5 business days to be removed. Our apologies if you receive additional faxes during this time.

*Id.* AMP further alleges that Great American sent junk faxes without complying with opt-out notice requirements in violation of the Act and the FCC's regulations promulgated thereunder. (Rec. Doc. 1, p. 4). Moreover, AMP argues that Great American is precluded from raising an

2

"established business relationship" defense because the opt-out language provided at the bottom of the advertisements is not compliant with FCC regulations. Therefore, the established business relationship defense would not apply to Great American. *Id.* at ¶ 13.

AMP also seeks to bring this suit as a class action. Moreover, AMP seeks to be named representative of the Plaintiff Class and seeks an incentive award for its efforts as class representative. *Id.* AMP also seeks statutory damages of $500 for each violation of the Act, trebling of damages if the Court finds fit, and injunctive relief prohibiting Great American from continuing to send allegedly non-compliant fax advertisements. *Id.* at 11–12; *see also* 47 U.S.C. § 227(b)(3).

AMP now moves for partial summary judgment asking this Court to issue an Order stating that the established business relationship defense is unavailable to Great American as a matter of law. In its Answer, Defendant asserts the following established business relationship ("EBR") defense:

> Defendant asserts the defense that it and Plaintiff and/or its predecessor in interest maintained an established business relationship under the Telephone Consumer Protection Act and Junk Fax Act.

(Rec. Doc. 26, p. 4).

**II.    Legal Standard**

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

(citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255).

Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

**III. Law and Analysis**

The Act makes it unlawful to use a fax machine to send an unsolicited advertisement. 47 U.S.C. § 227(b)(1)(C). The term "unsolicited advertisement" means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise. 47 U.S.C. § 227(a)(5). An unsolicited advertisement does not violate the Act if the sender can demonstrate that "(1) the sender has an established business relationship with the recipient; (2) the sender obtained the recipient's fax number either through a voluntary communication between the two or through a public source on which the recipient voluntarily made the number available; and (3) the fax has an opt-out notice meeting the requirements of the statute." *Physicians Healthsource, Inc. v. Stryker Sales Corp.*, 65 F. Supp. 3d 482, 494 (W.D. Mich. 2014), *as amended* (Jan. 12, 2015) (citing 47 U.S.C. § 227(b)(1)(C)).

An EBR defense will only protect a defendant if the two remaining requirements are met as well. Thus, even if Great American can show that an established business relationship existed

with AMP, Great American must still show the following: that it obtained AMP's fax number through a voluntary communication between the two or through a public source on which AMP voluntarily made the number available; and the fax at issue has an opt-out notice meeting the requirements of the statute.

In support of its motion, AMP argues that even assuming an EBR existed between AMP and Great American, Great American's assertion of an EBR defense fails as Great American's faxes do not satisfy the remaining requirement that the unsolicited fax advertisements contain a valid opt-out notice.

The Court agrees. For an opt-out notice to be compliant it must:

(1) Be clear and conspicuous and on the first page of the unsolicited advertisement;
(2) State the recipient may opt out of future unsolicited advertisements;
(3) Note that a failure by the sender to comply with a proper opt-out request within 30 days is unlawful;
(4) Include a domestic contact number and fax number for the recipient to send an opt-out request;
(5) Include a cost-free mechanism to send an opt-out request; and
(6) Instruct the recipient that an opt-out request is valid only if the recipient (i) sends the request to the number the sender identified in the notice; (ii) identifies the fax number to which the opt-out request relates; and (iii) does not expressly invite fax advertisements thereafter.

*See* 47 U.S.C. § 227(b)(2)(D), (E); 47 C.F.R. § 64.1200(a)(4)(iii), (v).

The opt-out notice at issue, provided *supra* p. 2, fails to comply with these requirements. First, recipients are not given the option to call a number to opt-out. Rather, the notice only gives recipients the option to fax the sheet back advising the sender that the recipient no longer wishes to participate. Second, the opt-out notice does not contain the required 30 day compliance requirement language. Third, the opt-out notice at issue does not instruct the recipient that an opt-out request is valid only if: (1) the recipient sends the request to the number the sender identified in the notice, (2) identifies the fax number to which the opt-out request relates, and (3) does not

expressly invite fax advertisements thereafter.  Great American's faxes do not contain the required opt-out language necessary for Great American to utilize an EBR defense.

However, the Court's decision today does not prevent Great American from maintaining its defense that the faxes at question were solicited.  *See* (Rec. Doc. 75, pp. 14–18).  Faxes are unsolicited unless the sender obtained the express permission or invitation from the recipient prior to sending the subject fax.  47 U.S.C. § 227(a)(5).  Great American cites the D.C. Circuit's recent decision in *Bais Yaakov of Spring Valley v. FCC* and is wise in doing so.  852 F.3d 1078 (D.C. Circuit 2017).  In *Bais Yaakov*, Judge Kavanaugh wrote for the majority, finding that the FCC's 2006 Solicited Fax Rule—requiring businesses to include opt-out notices on solicited fax advertisements—violated the FCC's authority under the Junk Fax Protection Act.  *Bais Yaakov*, 852 F.3d at 1082 ("The [Junk Fax Protection] Act does not require (or give the FCC authority to require) opt-out notices on solicited fax advertisements.").  The D.C. Circuit found that Congress drew a clear line in the text of the statute between unsolicited fax advertisements—requiring an opt-out notice—and solicited fax advertisements, for which the Junk Fax Protection Act neither required nor gave the FCC authority to require opt-out notices.

## IV.     Conclusion

The EBR defense cannot help Great American unless it can show it meets the other two requirements of 47 U.S.C. § 227(b)(1)(C)(i)-(iii).  Besides showing an EBR between it and AMP, Great American would also need to show that it obtained AMP's fax number either through a voluntary communication between the two or through a public source on which AMP voluntarily made the number available.  *Id.*  The evidence in the record shows that the faxes did not contain a valid opt-out notice necessary for Great American to maintain an EBR defense under 47 U.S.C.

§227(b)(1)(C)(i)-(iii). (Rec. Doc. 1-1, pp. 1–15). However, the Court's decision today does not prevent Great American from bringing any other defenses.

Accordingly;

IT IS ORDERED that **Plaintiff's Motion for Partial Summary Judgment Regarding the Established Business Relationship Defense (Rec. Doc. 54) is GRANTED.**

August 22, 2018

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE