UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMP AUTOMOTIVE, LLC | CIVIL ACTION |
| VERSUS | NO:17-5667 |
| B F T, LP d/b/a GREAT AMERICAN BUSINESS PRODUCTS | SECTION: "A" (5) |

**ORDER AND REASONS**

Before the Court is a **Motion for Reconsideration and/or Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (Rec. Doc. 91)** filed by Plaintiff AMP Automotive, LLC ("AMP"). Defendant B F T, LP d/b/a Great America Business Products ("Great American"), opposes the motion (Rec. Doc. 94). The Motion, set for submission on October 17, 2018, is before the Court on the briefs without oral argument.[1] This matter is set to be tried to a jury beginning on December 3, 2018. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds the Plaintiff's **Motion for Reconsideration and/or Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (Rec. Doc. 91)** is **DENIED** for the reasons set forth below and in the **Order and Reasons (Rec. Doc. 89).**

Plaintiff AMP alleges that Great American violated the Telephone Consumer Protection Act ("TCPA") by sending unsolicited faxes advertising Great American products and services. (Rec. Doc. 1). In 1991, Congress passed the Telephone Consumer Protection Act ("TCPA"). See Pub. L. No. 102–243, 105 Stat. 2394 (codified as amended at 47 U.S.C. § 227). Thereafter, in 2005, Congress passed the Junk Fax Prevention Act ("JFPA"), which amended the 1991 TCPA. See Pub. L. No. 109–21, 119 Stat. 359 (codified at 47 U.S.C. § 227). For simplicity, the Court will refer to the combined and

---

[1] The Court notes that Plaintiff requested oral argument. The Court does not deem oral argument necessary.

1

amended legislation as "the Act." *Bais Yaakov of Spring Valley v. Federal Communications Commission*, 852 F.3d 1078, 1080 (D.C. Cir. 2017).

The Act makes it unlawful to use a fax machine to send an unsolicited advertisement. 47 U.S.C. § 227(b)(1)(C). It also provides a private right of action, which permits any "person or entity" to bring an action seeking (1) to enjoin a violation of the Act, (2) to recover for actual monetary loss from such a violation or to receive statutory damages of $500 per violation, whichever is greater, or (3) to pursue both injunctive and monetary relief. 47 U.S.C. § 227(b)(3).

AMP categorizes Great American's actions as a "Junk Fax Campaign." (Rec. Doc. 1, p. 4). AMP alleges that Great American "blasted thousands of junk faxes" in direct violation of the Act and the regulations promulgated under the Act by the Federal Communications Commission ("FCC"). (Rec. Doc. 1, p. 4). AMP also seeks to bring this suit as a class action. Moreover, AMP seeks to be named representative of the Plaintiff Class and seeks an incentive award for its efforts as class representative. *Id.* On August 22, 2018, this Court issued an order denying AMP's request for class certification. (Rec. Doc. 89). AMP now requests this court to reconsider and/or amend the judgment.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). Nevertheless, the Fifth Circuit has treated a motion for reconsideration as a motion to alter or amend judgment pursuant to Rule 59(e) of th Federal Rules of Civil Procedure when filed twenty-eight days after entry of the judgment from which relief is being sought. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998); see also Fed. R. Civ. P. 59(e). A Rule 59(e) motion may be granted on four grounds: "(1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Lines v. Fairfield Ins. Co.*, No. 08–1045, 2010 WL 4338636, at *1 (E.D. La. Oct. 21, 2010) (citing *Peterson v. Cigna Group Ins.*, No. 99–2112, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002)). "The

Court enjoys considerable discretion in granting or denying such a motion, and an amendment of judgment is an extraordinary remedy which must be used sparingly and should not be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment." *Gabarick v. Laurin Mar. (America) Inc.*, No. 08–4007, 2010 WL 5437391, at *5 (E.D. La. Dec. 23, 2010) (citing *Boyd's Bit Serv., Inc. v. Specialty Rental Tool & Supply, Inc.*, 332 F.Supp.2d 938, 939 (W.D. La 2004)).

AMP argues that this Court committed manifest legal error because it applied a heavier burden on the issue of typicality than is utilized under the law. (Rec. Doc. 91, p. 4). Alternatively, AMP argues that this Court committed legal error by basing its ruling regarding typicality on a meritless defense of consent and associated non-existent issues of agency and authority. (*Id.*, p. 8). AMP and Great American both cite Fifth Circuit long standing precedent that establishes great discretion in this Court to grant or deny motions for reconsideration and that the motion should not be used to re-litigate old matters. Considering the legal standard and the arguments presented by the parties, the Court denies Plaintiff's **Motion for Reconsideration and/or Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (Rec. Doc. 91)** for the reasons set forth in the **Order and Reasons (Rec. Doc. 89)**.

Accordingly;

IT IS ORDERED that **Motion for Reconsideration and/or Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (Rec. Doc. 91)** is **DENIED**.

New Orleans, Louisiana, this 22nd day of October, 2018

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE
