UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMP AUTOMOTIVE, LLC | CIVIL ACTION |
| VERSUS | NO. 17-5667 |
| B F T, LP d/b/a GREAT AMERICAN BUSINESS PRODUCTS | SECTION A(5) |

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 113)** filed by Plaintiff AMP Automotive, LLC ("AMP"). Defendant B F T, LP d/b/a GREAT AMERICAN BUSINESS PRODUCTS ("Great American") opposes this motion (Rec. Doc. 114). The motion, set for submission on March 20, 2019, is before the Court on the briefs without oral argument. This case is set to be tried to a jury on May 28, 2019. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the Plaintiff's motion should be **DENIED** for the reasons set forth below.

**I.     Background**

Plaintiff AMP alleges that Defendant Great American violated the Telephone Consumer Protection Act ("TCPA") by sending unsolicited faxes advertising Great American products and services. (Rec. Doc. 1). In 1991, Congress passed the Telephone Consumer Protection Act. *See* Pub. L. No. 102–243, 105 Stat. 2394 (codified as amended at 47 U.S.C. § 227). Thereafter, in 2005, Congress passed the Junk Fax Prevention Act, which amended the 1991 TCPA. *See* Pub. L. No. 109–21, 119 Stat. 359 (codified at 47 U.S.C. § 227). For simplicity, the Court will refer to the combined and amended legislation as "the Act." *Bais Yaakov of Spring Valley v. Federal Communications Commission*, 852 F.3d 1078, 1080 (D.C. Cir. 2017). The Act makes it unlawful to use a fax machine to send an unsolicited advertisement. 47 U.S.C. § 227(b)(1)(C). It also

provides a private right of action, which permits any "person or entity" to bring an action seeking (1) to enjoin a violation of the Act, (2) to recover for actual monetary loss from such a violation or to receive statutory damages of $500 per violation, whichever is greater, or (3) to pursue both injunctive and monetary relief. 47 U.S.C. § 227(b)(3).

AMP categorizes Great American's actions as a "Junk Fax Campaign." (Rec. Doc. 1, p. 4). AMP alleges that Great American "blasted thousands of junk faxes" in direct violation of the Act and the regulations promulgated under the Act by the FCC. (Rec. Doc. 1, p. 4, ¶ 11). AMP specifically provides fifteen allegedly unsolicited faxes that were sent as advertisements from Great American to AMP. (Rec. Doc. 1-1, Exhibits 1–15). AMP seeks statutory damages of $500 for each violation of the Act, trebling of damages if the Court finds fit, and injunctive relief prohibiting Great American from continuing to send allegedly non-compliant fax advertisements. *Id.* at 11–12; *see also* 47 U.S.C. § 227(b)(3).

On August 23, 2018, this Court granted Plaintiff's Motion for Partial Summary Judgment on Great American's established business relationship defense because the faxes did not have the requisite opt-out notice. (Rec. Doc. 88). Accordingly, Great American retains only one defense, the faxes were not in fact solicited because of consent. AMP now moves this Court to grant summary judgment on Great American's consent defense as the only remaining defense. In its Answer, Defendant asserts the following consent defense:

> Defendant asserts that Plaintiff, and/or Plaintiff's predecessor in interest, consented to receive communications from Defendant and never revoked such consent.

(Rec. Doc. 26, p. 5).

**II.     Legal Standard**

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the

light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir.2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587 (1986)). Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993)).

**III.    Discussion**

The Act makes it unlawful to use a fax machine to send an unsolicited advertisement. 47 U.S.C. § 227(b)(1)(C). The term "unsolicited advertisement" means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise. 47 U.S.C. § 227(a)(5). An unsolicited advertisement does not violate the Act if the sender can demonstrate that "(1) the sender has an established business relationship with the recipient; (2) the sender obtained the recipient's fax number either through a voluntary communication between the two or through a public source on which the recipient voluntarily made the number available; and (3) the fax has an opt-out notice meeting the requirements of the statute."

*Physicians Healthsource, Inc. v. Stryker Sales Corp.*, 65 F. Supp. 3d 482, 494 (W.D. Mich. 2014), *as amended* (Jan. 12, 2015) (citing 47 U.S.C. § 227(b)(1)(C)).

AMP argues that there exists no genuine issue of material fact that Great American failed to obtain express permission or invitation prior to sending the fax advertisement. (Rec. Doc. 113-1, p. 3). AMP also asserts that this Court should grant summary judgment because Great American fails to satisfy a defense for consent. (*Id.*). AMP cites the FCC to assert that the defendant carries the burden to demonstrate the existence of prior express permission by clear and convincing evidence. (*Id.* at 4). AMP cites the deposition of Great American's designated representative, Barbra De La Riva, to assert that prior express permission was never obtained from AMP (*Id.* at 7). AMP also cites the deposition of Great Americans' call center trainer, Down Coffman, to assert that the call center never received express permission to send fax advertisements because the call center didn't inform customers why Great American requested customers to provide fax numbers, and Great American failed to keep contemporaneous records. (*Id.* at 8). AMP cites Illinois District Court caselaw to assert that the sender must obtain and retain records when permission is given orally. *(Id.* at 6). AMP argues that because Great American has not furnished explicit records, Great American did not obtain prior express permission from any of its recipients, including Marshall Bros. Lincoln. (*Id.* at 9).

Great American contends that the fax advertisements were solicited because the faxes sent to the number reassigned to AMP were directed in fact to Marshall Bros. Lincoln. (Rec. Doc. 114, p. 6). Great American argues that when a fax recipient has previously provided a fax number, the fax advertisements are not considered unsolicited. (*Id.* at 7). Great American cites an Eastern District decision rendered by Judge Sarah Vance to also assert that in a TCPA case involving text messages, prior express consent is substantially less burdensome than showing

prior express written consent. (*Id.* at 9). Great American asserts that a genuine issue of material fact exists as to whether Great American has met the low bar for prior express consent. (*Id.* at 10).

The FCC establishes rules implementing the TCPA and the Junk Fax Prevention Act. Regarding telephone subscribers, the FCC provides that "any telephone subscriber who releases his or her telephone number has, in effect, given prior express consent to be called by the entity to which the number was released." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1833 n.20 (2012)(citing *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 7 F.C.C. 8752, 8769 (1992)). The Court finds this instructive as to how to define consent in the instant matter as there is a void of any controlling caselaw and any provisions specific to fax numbers.

It does not appear disputed that Great American never obtained prior express consent from AMP. De La Riva testified in her deposition that she never obtained prior express consent from AMP because Great American never sent faxes to AMP; rather, Great American faxed Marshall Bros. Lincoln at a number she now knows is owned by AMP. (Rec. Doc. 113-3, p. 1). De La Riva also testified in the affirmative when asked "the only way you obtain a fax number is when someone calls in for an order and then you ask them if they would provide you with a fax number." (Rec. Doc. 113-3, p. 3). In her deposition, De La Riva referred to an exhibit which indicated that the number now owned by AMP is listed in Great American's records as belonging to Marshal Bros. Lincoln. (Rec. Doc. 114-1, 8).

Regardless of whether there was express prior consent from Marshall Bros. Lincoln, the Court declines to grant summary judgment. The FCC establishes that "the TCPA requires the consent not of the intended recipient of a call, but of the current subscriber (or non-subscriber

customary user of the phone) and that caller best practices can facilitate detection of reassignments before calls." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 30 F.C.C. Rcd. 7961, 7999-8000 (2015). Callers who make a call without knowledge of a reassignment are afforded one call to gain actual knowledge or constructive knowledge that the phone number has been reassigned. *Id.* at 8000. The FCC interpreted "prior express consent" to mean "reasonable reliance" subject to the one-call threshold because the caller bears the risk that the call was made without prior express consent. *Id.* at 8010 n.312. The Court recognizes that fax numbers and telephone numbers are not the same; however, the FCC provision is relevant to the general inquiry of reassigned numbers. The Court concludes that a reasonable juror could find that Marshall Bros. Lincoln gave express prior consent and that Great American reasonably relied upon that consent. The Motion for Summary Judgment is denied because a genuine issue of material fact exists as to whether Great American is entitled to the defense of consent.

IV. **Conclusion**

Accordingly;

IT IS ORDERED that Plaintiff's **Motion for Summary Judgment (Rec. Doc. 113)** is **DENIED**;

New Orleans, Louisiana, this 28th day of March, 2019.

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE